1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATM SHAFIQUL KHALID, | No. 2:16-CV-00650 |
| Plaintiff, | |
| v. | ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT |
| CITRIX SYSTEMS, INC., | |
| Defendant. | |
| CITRIX SYSTEMS, INC., | |
| Counterclaim and Third-Party Plaintiff, | |
| v. | |
| ATM SHAFIQUL KHALID AND XENCARE SOFTWARE, INC. | |
| Counterclaim and Third-Party Defendants. | |

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND
THIRD-PARTY COMPLAINT - 1
DWT 29511015v6 0097652-000010

Defendant Citrix Systems, Inc. ("Citrix" or "Defendant"), by and through undersigned counsel of record, hereby responds to the Complaint for Damages ("Complaint") filed by ATM Shafiqul Khalid ("Plaintiff" or "Khalid"), with the following answer, affirmative defenses, counterclaim, and third-party complaint.

## ANSWER

Except as expressly admitted, Citrix denies all allegations and characterizations in the Complaint. In addition, Citrix denies all allegations contained in the numbered and lettered headings in the Complaint. Citrix responds to Plaintiff's Complaint by correspondingly numbered paragraphs, as follows:

## I.   JURISDICTION

1.1    Citrix admits on information and belief that Khalid is a citizen and resident of King County, State of Washington.

1.2    Citrix admits that it is a Delaware Corporation. Also admitted that Citrix has an office in King County Washington, and, for the purposes of this case only, admitted that Citrix is doing business in Washington. Admitted that Plaintiff was employed by Citrix. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 1.2.

1.3    Jurisdiction is admitted. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 1.3.

1.4    Citrix denies the allegations contained in Paragraph 1.4.

1.5    Citrix denies the allegations contained in Paragraph 1.5.

## II.   FACTS

2.1    Admitted that Citrix is a Delaware Corporation. Admitted that Citrix provides a variety of software and networking solutions. Admitted that Citrix has an office in Redmond, Washington. Admitted that Citrix has a principal place of business in Fort Lauderdale, Florida. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.1.

2.2    Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.2.

1    2.3    Citrix lacks knowledge or information sufficient to form a belief about the truth

2    of the allegations contained in Paragraph 2.3.

3    2.4    Admitted that Plaintiff worked for Citrix.  Admitted that Citrix has an office in

4    Redmond, Washington.  Citrix otherwise lacks knowledge or information sufficient to form a

5    belief about the truth of the allegations contained in the Paragraph 2.4.

6    2.5    Admitted that Citrix offered Plaintiff the described employment in or about

7    2006.  Admitted that Plaintiff's employment was contingent upon entering into a Citrix System

8    Confidentiality and Employee Non-Disclosure Agreement ("Employee Agreement").  The

9    "Employee Agreement" as defined in this paragraph is attached as Exhibit G to the Declaration

10   of ATM Shafiqul Khalid Opposing Citrix Motion to Dismiss ("Khalid Decl.").  Citrix refers to

11   the document for its contents.  Except as expressly admitted, Citrix denies the allegations

12   contained in Paragraph 2.5.

13   2.6    Citrix admits that the Employee Agreement exists and states that it speaks for

14   itself.  Citrix refers to the document for its contents.  Except as expressly admitted, Citrix

15   denies the allegations contained in Paragraph 2.6.

16   2.7    As to the first sentence, Citrix admits that the Employee Agreement exists and

17   states that it speaks for itself.  Citrix refers to the document for its contents.  Except as

18   expressly admitted, Citrix denies the allegations contained in the first sentence of Paragraph

19   2.7.  Citrix lacks knowledge or information sufficient to form a belief about the truth of the

20   allegations contained in the second sentence of Paragraph 2.7.  The second sentence of

21   Paragraph 2.7 also contains legal conclusions to which no response is required.  To the extent a

22   response is required, Citrix denies the allegations contained in the second sentence of

23   Paragraph 2.7.

24   2.8    Citrix admits that the Employee Agreement exists and states that it speaks for

25   itself.  Citrix refers to the document for its contents.  Except as expressly admitted, Citrix

26   denies the allegations contained in Paragraph 2.8.

27

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND
THIRD-PARTY COMPLAINT - 3
DWT 29511015v6 0097652-000010

2.9     As to the first sentence, Citrix admits that the Employee Agreement exists and states that it speaks for itself. Citrix refers to the document for its contents. Except as expressly admitted, Citrix denies the allegations contained in the first sentence of Paragraph 2.9. Citrix denies the allegations contained in the second sentence of Paragraph 2.9.

2.10     Citrix admits that the Employee Agreement exists and states that it speaks for itself. Citrix refers to the document for its contents. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.10.

2.11     Citrix responds that the correspondence dated September 11, 2006 speaks for itself (*See* Khalid Decl., Exh. N), admits the existence of the Employee Agreement, and states that it speaks for itself. Citrix refers to the documents for their contents. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.11.

2.12     Citrix admits that the Employee Agreement exists and states that it speaks for itself. Citrix refers to the document for its contents. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.12.

2.13     Citrix responds that the correspondence dated September 11, 2006 speaks for itself (*See* Khalid Decl., Exh. N), admits the existence of the Employee Agreement, and states that it speaks for itself. Citrix refers to the documents for their contents. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.13.

2.14     The allegations contained in Paragraph 2.14 are vague, ambiguous and uncertain, and are denied on that basis. Citrix otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.14. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.14.

2.15     As to the first and second sentences of Paragraph 2.15, Citrix admits that the Employee Agreement exists and states that it speaks for itself. Citrix refers to the document for its contents. Except as expressly admitted, Citrix denies the allegations contained in the first and second sentences of Paragraph 2.15. Citrix lacks knowledge or information sufficient to

form a belief about the truth of the allegations contained in the third sentence of Paragraph 2.15.

2.16    Citrix admits that the Employee Agreement exists and states that it speaks for itself. Citrix refers to the document for its contents. Denied that Citrix claimed entitlement to any of Plaintiff's property. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.16.

2.17    Citrix admits that the Employee Agreement exists and states that it speaks for itself. Citrix refers to the document for its contents. Citrix otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.17. Paragraph 2.17 is also denied on the basis that the allegations are vague, ambiguous and uncertain. In addition, plaintiff's characterization of the meaning of the Employee Agreement constitutes a legal conclusion as to which no response is required, and is denied on that basis.

2.18    Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.18.

2.19    Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.19.

2.20    Admitted that U.S. Patent No. 8,286,219 ("the '219 Patent") states on its face that it issued on October 9, 2012, and the face page of the '219 Patent identifies the application that led to the '219 Patent as 12/032,663. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.20.

2.21    Citrix denies the allegations contained in Paragraph 2.21.

2.22    Citrix admits that the referenced patent applications exist and states that they speak for themselves. Citrix refers to the documents for their contents. Plaintiff's stated purpose in filing the referenced patent applications is denied for lack of information. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.22.

2.23    Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.23.

2.24    Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.24.

2.25    Citrix denies the allegations contained in the first sentence of Paragraph 2.25. The remaining allegations contained in Paragraph 2.25 are vague, ambiguous and uncertain, and are denied on that basis.  Citrix otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.25.  Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.25.

2.26    Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.26.

2.27    The allegations contained in Paragraph 2.27 are vague, ambiguous and uncertain, and are denied on that basis. Citrix otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.27. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.27.

2.28    Citrix admits that the referenced patent application exists and states that it speaks for itself.  Citrix refers to the document for its contents.  Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's stated purpose in filing the referenced patent application.  Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.28.

2.29    Citrix responds that the correspondence dated June 14, 2011 (*See* Khalid Decl., Exh. M) speaks for itself.  Citrix refers to the document for its contents.  Admitted that Citrix did not invest in any business owned by Plaintiff.  Citrix otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.29.  Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.29.

2.30    Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.30.

2.31    Admitted only that Citrix requested that Khalid assign the '219 Patent to Citrix. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.31.

2.32    Citrix admits that the Employee Agreement exists and states that it speaks for itself. Citrix refers to the document for its contents. Citrix otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.32. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.32.

2.33    Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.33.

2.34    Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.34.

2.35    The allegations contained in Paragraph 2.35 are vague, ambiguous and uncertain, and are denied on that basis. Citrix otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.35. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.35.

2.36    The allegations contained in Paragraph 2.36 are vague, ambiguous and uncertain, and are denied on that basis. Citrix otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.36. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.36.

2.37    Citrix admits that the referenced patent application exists and states that it speaks for itself. Citrix refers to the document for its contents. Citrix otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.37. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.37.

2.38    The allegations contained in Paragraph 2.38 are vague, ambiguous and uncertain, and are denied on that basis. Citrix otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.38. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.38.

2.39    Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.39.

2.40    Citrix admits that the referenced patent application exists and states that it speaks for itself.  Citrix refers to the document for its contents.  Plaintiff's stated purpose in filing the referenced patent application is denied for lack of information.  Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.40.

2.41    Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.41.

2.42    Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.42.

2.43    The allegations contained in Paragraph 2.43 are vague, ambiguous and uncertain, and are denied on that basis.  Citrix otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.43. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.43.

2.44    The allegations contained in Paragraph 2.44 are vague, ambiguous and uncertain, and are denied on that basis.  Citrix otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.44. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.44.

2.45    Citrix responds that the correspondence dated April 28, 2010 speaks for itself. Citrix refers to the document for its contents.  Citrix otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.45. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.45.

2.46    The allegations contained in Paragraph 2.46 are vague, ambiguous and uncertain, and are denied on that basis.  Citrix otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.46. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.46.

2.47    The allegations contained in Paragraph 2.47 are vague, ambiguous and uncertain, and are denied on that basis.  Citrix otherwise lacks knowledge or information

1   sufficient to form a belief about the truth of the allegations contained in Paragraph 2.47.

2   Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.47.

3       2.48     Citrix admits that the referenced patent application exists and states that it

4   speaks for itself.  Citrix refers to the document for its contents.  Citrix lacks knowledge or

5   information sufficient to form a belief about the truth of the allegations concerning Plaintiff's

6   stated purpose in filing the referenced patent application.  Further admitted that U.S. Patent

7   8,782,637 ("the '637 Patent") states on its face that it issued on July 15, 2014, and the '637

8   Patent identifies U.S. Patent Application Ser. No. 12/951,081 as the application that led to the

9   '637 Patent.  Further admitted that the '637 Patent is entitled "Mini-cloud system for enabling

10  user subscription to cloud service in residential environment."  Except as expressly admitted,

11  Citrix denies the allegations contained in Paragraph 2.48.

12      2.49     Citrix denies the allegations contained in Paragraph 2.49.

13      2.50     Citrix lacks knowledge or information sufficient to form a belief about the truth

14  of the allegations contained in Paragraph 2.50.

15      2.51     The allegations contained in Paragraph 2.51 are vague, ambiguous and

16  uncertain, and are denied on that basis.  Citrix otherwise lacks knowledge or information

17  sufficient to form a belief about the truth of the allegations contained in Paragraph 2.51.

18  Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.51.

19      2.52     The allegations contained in Paragraph 2.52 are vague, ambiguous and

20  uncertain, and are denied on that basis.  Citrix otherwise lacks knowledge or information

21  sufficient to form a belief about the truth of the allegations contained in Paragraph 2.52.

22  Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.52.

23      2.53     Citrix responds that the correspondence dated February 18, 2011 speaks for

24  itself (*See* Khalid Decl., Exh. L).  Citrix refers to the document for its contents.  The allegation

25  that the email was "in response to Martin's request to keep a record," is denied.  Except as

26  expressly admitted, Citrix denies the allegations contained in Paragraph 2.53.

27

2.54    Citrix responds that the referenced correspondence speaks for itself. Citrix refers to the document for its contents. Citrix otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.54. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.54.

2.55    Citrix denies the allegations contained in the first and second sentences of Paragraph 2.55. Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the third sentence of Paragraph 2.55.

2.56    Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.56.

2.57    Citrix denies the allegations contained in Paragraph 2.57.

2.58    Citrix denies the allegations contained in Paragraph 2.58.

2.59    Admitted only that Plaintiff was employed by Citrix. Citrix otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.59. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.59.

2.60    Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Xencare and Pcxen. Citrix otherwise denies the allegations contained in Paragraph 2.60.

2.61    Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first and second sentences of Paragraph 2.61. Citrix otherwise denies the allegations contained in Paragraph 2.61.

2.62    Citrix denies the allegations contained in Paragraph 2.62.

2.63    Citrix admits that the Employee Handbook exists and states that it speaks for itself. Citrix refers to the document for its contents. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.63.

2.64    The allegations contained in Paragraph 2.64 are vague, ambiguous and uncertain, and are denied on that basis. Citrix otherwise lacks knowledge or information

1    sufficient to form a belief about the truth of the allegations contained in Paragraph 2.64.

2    Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.64.

3         2.65    Citrix denies the allegations contained in Paragraph 2.65.

4         2.66    Citrix admits that the Severance Agreement exists (*See* Declaration of Robert

5    Feldman in Support of Citrix Systems, Inc.'s Motion to Dismiss, Exhibit B), and states that it

6    speaks for itself.  Citrix refers to the document for its contents.  Except as expressly admitted,

7    Citrix denies the allegations contained in Paragraph 2.66.

8         2.67    Admitted only that Citrix offered severance packages to terminated employees

9    in some circumstances.  Except as expressly admitted, Citrix denies the allegations contained in

10   Paragraph 2.67.

11        2.68    Citrix admits that the Severance Agreement exists, and states that it speaks for

12   itself.  Citrix refers to the document for its contents.  Except as expressly admitted, Citrix

13   denies the allegations contained in Paragraph 2.68.

14        2.69    Admitted only that Plaintiff has not received the severance payment described in

15   the parties' written Severance Agreement.  Citrix refers to the document for its contents.

16   Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.69.

17        2.70    Citrix lacks knowledge or information sufficient to form a belief about the truth

18   of the allegations contained in the first sentence of Paragraph 2.70.  Citrix denies the

19   allegations contained in the second sentence of Paragraph 2.70.

20        2.71    Citrix denies the allegations contained in Paragraph 2.71.

21        2.72    Citrix denies the allegations contained in Paragraph 2.72.

22        2.73    Citrix admits that the referenced Non-Exclusive License Agreement document

23   exists (*See* Khalid Decl., Exh. H) and states that it speaks for itself.  Citrix refers to the

24   document for its contents.  Except as expressly admitted, Citrix denies the allegations contained

25   in Paragraph 2.73.

26

27

2.74    Citrix admits that the referenced Patent Assignment document exists (*See* Khalid Decl., Exh. I) and states that it speaks for itself. Citrix refers to the document for its contents. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.74.

2.75    Citrix denies the allegations contained in Paragraph 2.75.

2.76    The allegations contained in Paragraph 2.76 are vague, ambiguous and uncertain, and are denied on that basis. Citrix otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.76. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.76.

2.77    Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.77.

2.78    Citrix denies the allegations contained in Paragraph 2.78.

2.79    Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the first sentence of Paragraph 2.79. Citrix denies the allegations contained in the second sentence of Paragraph 2.79.

2.80    Citrix admits that it acquired Kaviza in or around 2011. The allegations contained in Paragraph 2.80 are otherwise vague, ambiguous and uncertain, and are denied on that basis. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 2.80.

2.81    Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.81.

2.82    Citrix lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.82.

2.83    Citrix denies the allegations contained in Paragraph 2.83.

2.84    Citrix denies the allegations contained in Paragraph 2.84.

2.85    Citrix denies the allegations contained in Paragraph 2.85.

2.86    The allegations contained in Paragraph 2.86 are vague, ambiguous and uncertain, and are denied on that basis.

2.87    Citrix denies the allegations contained in Paragraph 2.87.

### III.    CAUSES OF ACTION

3.1    Citrix repeats and incorporates its responses to Paragraphs 1.1-2.87 above.

CAUSE OF ACTION 1

3.2    Citrix admits that the Employee Agreement exists and states that it speaks for itself. Citrix refers to the document for its contents. Except as expressly admitted, Citrix denies the allegations contained in Paragraph 3.2.

3.3    The allegation consists of a statement of law as to which no response is required, and it is denied on that basis.

CAUSE OF ACTION 2

3.4    Citrix denies the allegations contained in Paragraph 3.4.

3.5    Citrix denies the allegations contained in Paragraph 3.5.

3.6    Citrix denies the allegations contained in Paragraph 3.6.

CAUSE OF ACTION 3

3.7    Citrix denies the allegations contained in Paragraph 3.7.

3.8    Citrix denies the allegations contained in Paragraph 3.8.

CAUSE OF ACTION 4

3.9    Citrix denies the allegations contained in Paragraph 3.9.

3.10    Citrix denies the allegations contained in Paragraph 3.10.

3.11    Citrix denies the allegations contained in Paragraph 3.11.

3.12    Citrix denies the allegations contained in Paragraph 3.12.

3.13    Citrix denies the allegations contained in Paragraph 3.13.

CAUSE OF ACTION 5

3.14    Citrix denies the allegations contained in Paragraph 3.14. The allegation also consists of a statement of law as to which no response is required, and it is further denied on that basis.

3.15    Citrix denies the allegations contained in Paragraph 3.15.

3.16    Citrix denies the allegations contained in Paragraph 3.16.

CAUSE OF ACTION 6

3.17    Citrix denies the allegations contained in Paragraph 3.17.

3.18    Citrix denies the allegations contained in Paragraph 3.18.

CAUSE OF ACTION 7

3.19    Citrix denies the allegations contained in Paragraph 3.19.

3.20    Citrix denies the allegations contained in Paragraph 3.20.

CAUSE OF ACTION 8

3.21    Citrix denies the allegations contained in Paragraph 3.21.

CAUSE OF ACTION 9

3.22    Admitted only that Plaintiff has not received the severance payment described in the parties' written Severance Agreement.  Except as expressly admitted, Citrix denies the allegations contained in Paragraph 3.22.

CAUSE OF ACTION 10

3.23    Citrix denies the allegations contained in Paragraph 3.23.

CAUSE OF ACTION 11

3.22[sic] No response required.

## IV.        PRAYER FOR RELIEF

The remainder of Plaintiff's Complaint is a prayer for relief as to which no response is required.  To the extent a response is deemed required, Citrix denies that Plaintiff is entitled to any of the requested relief.

## V.        DEMAND FOR JURY

No response required.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant Citrix asserts the following affirmative defenses to Plaintiff's Complaint:

1.      Plaintiff has failed to state a claim upon which relief can be granted.

2.      Plaintiff's damages, if any, are the responsibility and fault of Plaintiff.

3.      Some or all of Plaintiff's claims may be barred in whole or in part by the doctrines of waiver, estoppel, laches, or unclean hands.

4.      Some or all of Plaintiff's claims may be barred in whole or in part because Plaintiff released his claims against Citrix when he executed the Severance Agreement.

5.      Plaintiff has failed to establish damages, and any such damages are the result of acts or omissions committed by Plaintiff.

6.      Plaintiff has failed to mitigate his damages, if any.

7.      Some or all of Plaintiff's claims fail for lack of consideration.

8.      Plaintiff's claims should be dismissed because he filed this action in the improper venue.  Venue for this action lies in Broward County, Florida.

9.      Some or all of Plaintiff's claims should be dismissed because they rely on Washington law.  The Severance Agreement and Employment Agreements signed by Plaintiff provide that Florida law controls.

10.     Some or all of Plaintiff's claims are barred because he failed to commence this action within the time required by the applicable statutes of limitations.

11.     Some or all of Plaintiff's claims are barred because he failed to perform a condition precedent to the Severance Agreement, specifically including the failure to relinquish company property to Defendant.

12.     Plaintiff's Complaint fails to set forth sufficient facts to allow Defendant to determine all potential affirmative defenses.  Accordingly, Citrix reserves the right to assert additional affirmative or other defenses when such information is ascertained through discovery and investigation.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Citrix alleges the following as its counterclaim against ATM Shafiqul Khalid ("Counterclaim") and as its third-party complaint against XenCare Software, Inc. ("Third-Party Complaint").  The claims are pursuant to federal statutory law, Florida law, or to the extent that Florida law is deemed not to apply, then under Washington law.

## NATURE OF THIS ACTION

1.      Citrix brings these claims, among other reasons, as a result of ongoing infringement of Citrix's family of XEN and XEN-formative trademarks (collectively referred to as the "XEN Trademarks"). Citrix uses the XEN Trademarks in connection with its development, marketing and sales of computer software and services.

## PARTIES

2.      Citrix is informed and believes that ATM Shafiqul Khalid ("Khalid") is a citizen and resident King County, State of Washington.

3.      Citrix is informed and believes that XenCare Software, Inc. ("XenCare") is a Washington corporation with its principal place of business located in King County, Washington. Khalid is an officer of XenCare.

4.      Citrix Systems, Inc. ("Citrix") is a Delaware corporation with a principal place of business located in Broward County, Florida. Citrix is a leading provider of products and services for computer virtualization, networking and cloud computing infrastructure.

## JURISDICTION AND VENUE

5.      This action is a civil action of which this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) based on diversity because the amount in controversy exceeds $75,000, exclusive of interests and costs, and the action is between citizens of different states.[1]

6.      This Court also has subject matter jurisdiction over this action under 15 U.S.C. § 1121, and 28 U.S.C. § 1338, as several claims pertain to infringement of U.S. trademarks arise under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) for claims arising under state law.

7.      This Court has personal jurisdiction over XenCare and Khalid because Khalid is a resident of Washington and XenCare is a Washington company.

---

[1] Citrix asserts that jurisdiction and venue are properly laid in Broward County, Florida. Citrix is asserting this Counterclaim and Third Party Complaint outside of Broward County, Florida in light of the King County Superior Court's April 25, 2016 Order denying Citrix's motion to dismiss for improper venue under CR 12(b)(3). In so doing, Citrix is not waiving or releasing any argument, claim, or right of appeal that venue for this action is properly laid in Broward County, Florida.

8.     Venue lies in the United States District Court for the Western District of Washington at Seattle pursuant to 28 U.S.C. § 1441 and 1391(b)(2) because a substantial part of the events that Khalid alleges give rise to his claims occurred in this district.

## FACTS

9.     For over twenty-five years, Citrix has been known as a premier provider of computer software and related services in the nature of networking and server software, desktop virtualization, software-as-a-service, remote access, and cloud computing technologies and solutions. Citrix's services are used in over 330,000 organizations worldwide.

10.     In October 2007, Citrix acquired XenSource, a company that developed virtualization software for use on computer systems.

11.     Beginning at least as early as 2002, XenSource adopted, promoted and used the trademark XEN (alone and in combination with other words) as a source identifier for its products and services.

12.     The XenSource product and the Citrix XEN-branded products released thereafter, are software products that permit multiple operating systems or software packages to co-exist on the same computer hardware, also known as virtual servers or computer virtualization. The virtualization technology is employed by various companies in connection with, *inter alia,* internet hosting, networked computing systems, software development, and information technology management. Computer hardware makers may also utilize software virtualization so as to offer support for multiple software operating environments.

13.     Since at least as early as October 2007, Citrix has continuously used XEN and XEN-formatives in one or more of the XEN Trademarks, for its computer virtualization, networking and cloud computing infrastructure products and services.

14.     Citrix owns a family of United States trademark registrations and registration applications in the XEN Trademarks for the mark XEN and marks incorporating the dominant formative "XEN" including but not limited to:

| | Mark: | App./Reg. No. |
|---|---|---|
| 1. | XEN | 3319791 |
| 2. | Xen | 3195200 |
| 3. | XEN | 4297399 |
| 4. | XENAPP | 3866339 |
| 5. | XENAPP | 79185272 |
| 6. | CITRIX XENAPP | 3609906 |
| 7. | XENCENTER | 3599110 |
| 8. | XENCLIENT | 4016503 |
| 9. | XENDESKTOP | 3661435 |
| 10. | XENDESKTOP | 79185271 |
| 11. | XENMOBILE | 4397856 |
| 12. | XENMOBILE | 79185270 |
| 13. | XEN MATCH | 3856031 |
| 14. | XENMOTION | 3661434 |
| 15. | XENSERVER | 3740416 |
| 16. | XEN SUMMIT | 3855976 |
| 17. | XENTERPRISE | 3759377 |

15.     These registrations and registration applications are valid, subsisting and in full force and effect.

16.     The following registrations for Citrix's XEN Trademarks have become incontestable under Section 15 of the Lanham Act 15 U.S.C. § 1065, and therefore serve as conclusive evidence of the validity of that particular mark, and of Citrix's exclusive right to use the mark in commerce or in connection with the products for which the mark is registered pursuant to Section 33(b) of 15 U.S.C. § 1115(b):

| | Mark: | Reg. No. |
|---|---|---|
| 1. | XEN | 3319791 |
| 2. | Xen | 3195200 |

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND
THIRD-PARTY COMPLAINT - 18
DWT 29511015v6 0097652-000010

| 3. | XENSERVER | 3740416 |
| 4. | CITRIX XENAPP | 3609906 |
| 5. | XENMOTION | 3661434 |
| 6. | XENDESKTOP | 3661435 |
| 7. | XENCENTER | 3599110 |

17.    As a result of Citrix's extensive promotional and sales efforts, Citrix has built up substantial consumer recognition in the computer services and mobile workspace technology fields under the XEN Trademarks.  The XEN Trademarks have come to be associated with Citrix as the exclusive source of the products and services to which they are linked.

18.    Citrix uses the XEN Trademarks for its suite of products and services primarily used by small and large businesses across all industries, enterprise clients, and IT professionals to deploy, monitor, manage, and optimize software delivery, virtualization, remote access, and mobile and desktop management over networks, the Internet and in the cloud ("XEN Products and Services").

19.    Citrix's XEN Products and Services are available throughout the United States and in numerous foreign countries.

20.    Citrix has expended significant resources in marketing and promoting its XEN Products and Services.

21.    Due to Citrix's significant investment of time, money and effort, and the high quality of the XEN Products and Services, the XEN Trademarks have become a strong mark and well-known amongst the consuming public, as well as IT professionals and others in the relevant trade.

22.    In September 2006, Citrix hired Khalid as a software engineer to work in Citrix's Cloud and Data Center Division in Redmond, Washington.  Khalid has described his duties while at Citrix as working with the "CTO Office to promote and evaluate ideas in mobile and cloud areas."  Khalid has also acknowledged working with Citrix's virtualization technologies, including Citrix's flagship XenApp product, among many other things.

23.    At the beginning of the employment relationship, Khalid executed the Employee Agreement, which provided, among other things, that certain inventions and intellectual

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND
THIRD-PARTY COMPLAINT - 19
DWT 29511015v6 0097652-000010

property that Khalid developed while working for Citrix (the "Developments") would be the property of Citrix.

24.     While employed by Citrix, Khalid filed applications for, without limitation, the following patents – U.S. Patent No. 8,782,637 ("the '637 Patent") and U.S. Patent No. 8,286,219 ("the '219 Patent").

25.     Khalid filed the applications for the '637 Patent and the '219 Patent in his own name without Citrix's knowledge or consent. By force of Khalid's Employee Agreement with Citrix, both the '637 Patent and the '219 Patent are Citrix intellectual property.

26.     The '219 Patent, entitled "Safe and Secure Program Execution Framework," was filed on February 16, 2008, and does not claim priority to any earlier application. Khalid had had access to Citrix's proprietary and technical business information for almost one and a half years at the time he filed the '219 Patent. The same title – "Safe and Secure Program Execution Framework" – had been listed by Khalid on Exhibit B of the Employee Agreement, however, no further information about the nature of the alleged invention was provided by Khalid.

27.     The '637 Patent, entitled "Mini-Cloud System for Enabling User Subscription to Cloud Service in Residential Environment," was filed on November 22, 2010, after Khalid had had access to Citrix's proprietary and technical business information for over three years. The earliest provisional application which the '637 Patent references (albeit improperly) was filed after Khalid had been in Citrix's employ for over a year.

28.     On October 3, 2011, Citrix terminated Khalid's employment.

29.     On October 21, 2011, Khalid signed a Severance Agreement with Citrix and returned it to Citrix by fax.

30.     On or about December 30, 2011, shortly after leaving Citrix's employ, Khalid formed XenCare Software, Inc., and assigned the '219 Patent to it.

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND
THIRD-PARTY COMPLAINT - 20
DWT 29511015v6 0097652-000010

31.    Khalid and XenCare have failed and refused to relinquish the '219 Patent and the '637 Patent to Citrix as required under the Employee Agreement, the Severance Agreement, and applicable law.

32.    Khalid's promise to assign the '219 Patent and the '637 Patent to Citrix was a material condition to Citrix's agreements under the Severance Agreement, including its obligation to pay the severance payment described in the Severance Agreement.

33.    Khalid and XenCare began using the term "XenCare" long after the use, promotion and registration of the XEN Trademarks and the provision of the XEN Products and Services by Citrix.

34.    The long-term and continuous prior use of the XEN Trademarks by Citrix gives it priority over Khalid's and XenCare's use of the term "XenCare."

35.    The term "XenCare" is visually, phonetically, and connotatively identical or highly similar to the XEN Trademarks.

36.    Khalid's and XenCare's products and services offered using the term "XenCare" are provided to and/or intended for the same or very similar customers as Citrix's customers and prospective customers for the products and services covered by the XEN Trademarks. Khalid's and XenCare's products and services offered using the term "XenCare" are provided through the same or very similar channels of trade to the channels of trade for the products and services covered by the XEN Trademarks.

37.    Khalid's and XenCare's use of the term "XenCare" infringes Citrix's rights in the XEN Trademarks.  In doing so, Khalid and XenCare compete unfairly with Citrix.

38.    Khalid and XenCare acted willfully and with knowledge of the XEN Trademarks and/or without appropriate due diligence before adopting the use of "XenCare", and have damaged the valuable goodwill and business reputation associated with the XEN Trademarks. Upon information and belief, Khalid and XenCare have engaged in this conduct with the intent to confuse, mislead and deceive the public into believing its goods and services are associated with, or endorsed by, Citrix. In doing so, Khalid and XenCare have infringed the

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND
THIRD-PARTY COMPLAINT - 21
DWT 29511015v6 0097652-000010

XEN Trademarks, competed unfairly with Citrix and have or may profit from the XEN Trademarks.

39.    Khalid's and XenCare's conduct is likely to lead members of the relevant consuming public, including computer services professionals, to believe that Khalid's and XenCare's goods and services are provided by, endorsed or approved by, and/or otherwise associated with Citrix. As such, a likelihood of confusion exists between Citrix's longstanding use of the XEN Trademarks and the unauthorized and subsequent use by Khalid and XenCare.

40.    Khalid's and XenCare's continued use of the term "XenCare" is likely to create confusion with the XEN Trademarks. Customers are likely to expect that Khalid's and XenCare's products are of the same high quality as Citrix's XEN Products and Services.

41.    Citrix has no control over the quality of the goods that Khalid and XenCare offer or sell using the term "XenCare."

42.    Any failure, neglect, or default by Khalid and/or XenCare or negative public perception of Khalid and/or XenCare's goods sold by Khalid and/or XenCare will reflect adversely upon Citrix.

43.    Khalid's and XenCare's continued use of the term "XenCare," if permitted, will lessen the capacity of Citrix's XEN Trademarks to identify and distinguish the XEN Products and Services, thereby causing harm to Citrix.

44.    Khalid's and XenCare's ongoing infringement of the XEN trademarks will tarnish, dilute or diminish the well-known Citrix XEN Trademarks and will likely injure the business reputation of Citrix.

## FIRST CAUSE OF ACTION -- DECLARATORY JUDGMENT

45.    Citrix incorporates and realleges the foregoing paragraphs as if fully set forth herein.

46.    A real and justiciable dispute exists between the parties. Citrix is entitled to an Order that the '219 Patent and the '637 Patent are the property of Citrix.

## SECOND CAUSE OF ACTION -- BREACH OF CONTRACT

47.  Citrix incorporates and realleges the foregoing paragraphs as if fully set forth herein.

48.  A contract exists between Citrix and Khalid in the form of the Employee Agreement.

49.  Khalid has breached that contract.

50.  Citrix has been damaged as a result of Khalid's breaches of the Employee Agreement.

51.  Khalid is liable to Citrix for all damages arising from his breaches of the Employee Agreement.

## THIRD CAUSE OF ACTION -- UNJUST ENRICHMENT

52.  Citrix incorporates and realleges the foregoing paragraphs as if fully set forth herein.

53.  Citrix conferred a benefit on Khalid when it gave him access to Citrix's proprietary and confidential information, and when it entered into the Employee Agreement.

54.  Khalid has knowingly retained these benefits.

55.  Allowing Khalid to retain the benefits would be inequitable under the circumstances.

56.  In the alternative to its breach of contract cause of action, Citrix is entitled to restitution of the benefit it has conferred on Khalid.

## FOURTH CAUSE OF ACTION -- INJUNCTIVE RELIEF

57.  Citrix incorporates and realleges the foregoing paragraphs as if fully set forth herein.

58.  Citrix is entitled to a preliminary and permanent injunction to enjoin Khalid and XenCare's wrongful conduct and to order and determine that Khalid and XenCare shall comply with Citrix's property rights relative to the '219 Patent and the '637 Patent, including all relevant provisions of the Employee Agreement.

**FIFTH CAUSE OF ACTION -- SPECIFIC PERFORMANCE**

59.     Citrix incorporates and realleges the foregoing paragraphs as if fully set forth · herein

60.     Citrix is entitled to an order requiring that Khalid and XenCare effectuate the assignment of the '219 Patent and the '637 Patent to Citrix.

**SIXTH CAUSE OF ACTION – LANHAM ACT (15 U.S.C. § 1114 *et. seq.*)**
**TRADEMARK INFRINGEMENT**

61.     Citrix incorporates and realleges the foregoing paragraphs as if fully set forth herein.

62.     Khalid's and Xencare's actions and conduct alleged above constitute infringement of a federally registered trademark in violation of 15 U.S.C. § 1114, *et. seq.*

63.     Khalid's and Xencare's actions and conduct alleged above have caused and will continue to cause irreparable harm, damage and injury to Citrix unless preliminarily and permanently enjoined by this Court.

64.     Citrix has no adequate remedy at law.

**SEVENTH CAUSE OF ACTION – LANHAM ACT (15 U.S.C. § 1125(A))**
**UNFAIR COMPETITION**

65.     Citrix incorporates and realleges the foregoing paragraphs as if fully set forth herein.

66.     Defendant's actions and conduct alleged above constitute use in commerce of a word, term, name, or device and false designation of origin that is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Khalid and Xencare with the XEN Trademarks or as to the origin, sponsorship, or approval of Khalid's and Xencare's products and services in violation of 15 U.S.C. § 1125(a).

67.     Defendant's actions and conduct alleged above have caused irreparable harm, damage and injury to Citrix.

68.     Citrix has no adequate remedy at law.

## CITRIX'S RELIEF REQUESTED

Defendant Citrix, having responded to Plaintiff's Complaint, hereby requests the following relief:

A.     That Khalid take nothing from Citrix by way of his Complaint;

B.     That Khalid and XenCare, including its agents, employees, licensees, affiliates, any parent and subsidiary corporations, attorneys and representatives and all those in privity with, or acting under its direction and/or pursuant to its control, be preliminarily and permanently enjoined and restrained from directly or indirectly:

    1.     Using a trademark or designation with the term "XEN" (used alone or as part of a word or phrase, and whether capitalized or not) or any variation thereof for its products and services;

    2.     Performing any acts that are likely to cause confusion, cause mistake, to deceive or otherwise mislead the trade or public into believing that Citrix is associated with Defendant and/or Defendant's products and services;

    3.     Using the term "XEN" (used alone or as part of a word or phrase, and whether capitalized or not) as a trademark or engaging in any other conduct that creates a likelihood of injury to the business reputation of Citrix or a likelihood of misappropriation and goodwill associated with Citrix's well known trademarks; and

    4.     Engaging in any acts or activities that directly or indirectly trade upon the Citrix's XEN Trademarks, logos, reputation or goodwill.

C.     That Khalid and XenCare be required to pay Citrix compensatory damages according to proof for the injury sustained by Citrix, which sum should be trebled under 15 U.S.C. § 1117, as well as damages based upon Khalid's and XenCare's intentional and willful conduct.

D.      That Khalid and XenCare be required to account to Citrix for any and all gains, profits, and advantages derived by it from the activities complained of in this counter-complaint.

E.      For reasonable attorneys' fees and costs to the extent applicable; and

F.      For such other and further relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Citrix hereby demands a trial by jury on all issues so triable.

DATED this 12th day of May, 2016.

Davis Wright Tremaine LLP
Attorneys for Citrix Systems, Inc.

By      *[signature]*
Anthony S. Wisen, WSBA #39656
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Email: tonywisen@dwt.com

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND
THIRD-PARTY COMPLAINT - 26
DWT 29511015v6 0097652-000010

**DECLARATION OF SERVICE**

I hereby declare under penalty of perjury under the laws of the United States of America that on this date I caused to be served the foregoing on the following by the method indicated:

ATM Shafiqul Khalid
17446 N.E. 28th St
Redmond, WA 98052

☒ Via Messenger
☐ Via Federal Express
☐ Via Notice of Electronic Filing
☐ Via U.S. Mail
☐ Via Electronic Mail

Dated this 12th day of May, 2016.

_Gail Kataoka_
Gail Kataoka

ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND
THIRD-PARTY COMPLAINT - 27
DWT 29511015v6 0097652-000010