1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

ATM SHAFIQUL KHALID,

11

                   Plaintiff,

12

    v.

13

CITRIX SYSTEMS, INC.,

14

                   Defendant.

15

16

CITRIX SYSTEMS, INC.,

17

                   Counterclaim and
                   Third-Party Plaintiff,

18

19

    v.

20

21

ATM SHAFIQUL KHALID AND
XENCARE SOFTWARE, INC.

22

                   Counterclaim and
                   Third-Party Defendants.

23

24

25

26

27

No. 2:16-CV-00650

DEFENDANT CITRIX SYTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## I.   INTRODUCTION

Defendant Citrix Systems, Inc. ("Defendant" or "Citrix") properly and timely removed this matter to federal court. Plaintiff ATM Shafiqul Khalid's ("Plaintiff" or "Khalid") motion to remand does not dispute that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Instead, Plaintiff attempts to deprive Citrix of its right to litigate these claims in federal court based on unavailing arguments regarding the timeliness of Citrix's removal that completely ignore controlling Ninth Circuit law and the recent amendment to the removal statute.

Plaintiff filed a vague and indeterminate complaint in state court that did not plainly state damages in excess of $75,000. Plaintiff was obligated – and able – to be clear and direct. "As a general proposition, the plaintiff is master of his or her complaint." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1395 (9th Cir. 1988) (citation omitted); *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (condemning complaint that disregarded "Rule 8's requirement of simplicity, directness, and clarity").

Because Plaintiff's complaint was not clear, it did not trigger Citrix's obligation to remove. A defendant's obligation to remove is not triggered unless the existence of federal jurisdiction is apparent from the four corners of (a) a state court complaint; or (b) a subsequent "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Plaintiff's rambling complaint did not allege the minimum amount in controversy needed to support federal diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, the complaint did not start the clock for removal under 28 U.S.C. § 1446(b).

Moreover, it would not have been *proper* for Citrix to remove on the face of Plaintiff's complaint. Instead, Citrix timely – and properly – filed its notice of removal less than 30 days after Plaintiff filed "other papers" in state court that indicated that Plaintiff claimed more than $75,000. Plaintiff's complaint and other filed documents or formal discovery are the *exclusive* sources of inquiry, and it would not have been appropriate for Citrix to remove based on information outside of that limited record. Plaintiff's chief argument for remand – that Citrix should have removed based on Plaintiff's pre-litigation settlement demands – has been

DEFENDANT CITRIX SYTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND - 2
(Cause No. 2:16-CV-00650)
DWT 29776366v6 0097652-000010

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  expressly rejected by the Ninth Circuit. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d

2  876, 886 (9th Cir. 2010) ("[A]ny document received prior to receipt of the initial pleading

3  cannot trigger the second thirty-day removal period."). The argument that Citrix should have

4  removed – or tried to – based on its receipt of communications detailing Plaintiff's settlement

5  posture (which for all Citrix knows were pure bluster and *intentionally* omitted from the

6  complaint in recognition of Rule 11) is unsound and would place litigants like Citrix in an

7  untenable Catch-22. Pre-litigation puffery does not have any meaning for purposes of the

8  removal statute. Under the law, claims must be reduced to writing, stated clearly, and be

9  contained in a party's complaint or some "other paper" before they can or may be taken into

10 account. Plaintiff's failure to cite, let alone address, this directly controlling authority also

11 makes Plaintiff's request for sanctions baseless. The Court should deny Plaintiff's motion for

12 remand.

## II.   BACKGROUND

14 Plaintiff is a former employee of Citrix who began working for the company on

15 September 18, 2006. Dkt 1-1 ¶¶ 2.4, 2.15. Plaintiff signed an employment agreement in which

16 he agreed that inventions and intellectual property relating to Citrix's business that Khalid

17 developed while working for Citrix would be the property of Citrix. *See* Dkt. 4, Ex. A. On

18 October 3, 2011, Citrix terminated Khalid's employment. Dkt 1-1 ¶ 2.4. On October 21, 2011,

19 Plaintiff signed a Severance Agreement with Citrix and returned it to Citrix by fax. *See*

20 Verification of Records and Proceedings in State Court, Dkt. 4, Ex. A. The Severance

21 Agreement provides that it "shall be governed by the laws of the State of Florida (without

22 regard to the principles of conflict of laws thereof)." *Id.* It further provides that "[i]n the event

23 of any dispute or claim relating to or arising out of this Agreement, the Parties' employment

24 relationship, or the termination of that relationship for any reason (including, but not limited to,

25 any claims of breach of contract, wrongful termination, fraud, retaliation, discrimination or

26 harassment), the Parties agree that all such disputes/claims will be resolved by means of a trial

27 conducted by the superior or district court in Broward County, Florida." *Id.*

DEFENDANT CITRIX SYTEMS, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND - 3
(Cause No. 2:16-CV-00650)
DWT 29776366v6 0097652-000010

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

On October 2, 2015, Plaintiff filed a complaint against Citrix in King County Superior Court. Dkt 1-1. The complaint contains 28 pages of rambling allegations principally related to Plaintiff's termination from Citrix. *Id.* Despite asserting 11 scattershot causes of action, Plaintiff's complaint appears at its core to allege a breach of contract claim seeking payment under the Severance Agreement. The complaint contains a section entitled "Damages" in which Plaintiff asserts that he "suffered damages proximately caused by the actions of the defendant as set forth below." *Id.* ¶ 2.87. Plaintiff fails, however, to set forth any specific amounts of damages in the causes of action "set forth below," or the prayer for relief. *Id.* ¶ 3.1-4.11.

On February 6, 2016, Citrix moved to dismiss the complaint for insufficient service of process and improper venue. *See* Dkt. 4, Ex. A. Following proper service of Citrix's Washington registered agent on February 4, 2016, Citrix filed an amended motion to dismiss the complaint for improper venue on March 17, 2016. *See id.* Aside from witness disclosures required under the state court's scheduling order and served by Citrix on May 2, 2016, no discovery was conducted in the state court action. *Id.*

On April 18, 2016, in connection with Plaintiff's response to the amended motion to dismiss, Plaintiff filed a Declaration in King County Superior Court to which he attached an e-mail sent on April 11, 2016 that stated the following:

> I[t] appears to me that **Citrix is going to make this simple lawsuit into a billion dollar lawsuit** very soon. Recently, one investors walked away saying that the situation created too much risk for them. My patent portfolio had been damaged significantly that could have been over a billion dollar property along with much larger business.

*See* Declaration of Anthony S. Wisen in Support of Removal of Civil Action to U.S. District Court ("Wisen Decl."), Dkt. 2 at Ex. A (emphasis added).

This email was the first paper filed in state court from which Citrix could reasonably ascertain that the case was removable based on diversity jurisdiction, 28 U.S.C. § 1332(a). Although Plaintiff and Citrix are citizens of different states, as noted previously Plaintiff's

DEFENDANT CITRIX SYTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND - 4
(Cause No. 2:16-CV-00650)
DWT 29776366v6 0097652-000010

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

complaint did not allege that his damages exceed the threshold of $75,000 exclusive of interest and costs. On May 5, 2016, less than 30 days after receipt of Plaintiff sent or filed his email asserting that he values the case above the jurisdictional minimum, Citrix filed a notice of removal in this Court. Dkt. 1.

### III.   ARGUMENT

The Court should deny Plaintiff's motion to remand because Citrix's removal was timely and proper. The removal statutes impose both procedural and jurisdictional requirements. 28 U.S.C. § 1447(c). Because Plaintiff does not dispute that this Court has subject matter jurisdiction, the only requirements relevant to Plaintiff's remand motion are the time limitations for removal. *See* 28 U.S.C. § 1446(b). "[T]he two periods specified in § 1446(b)(1) and (b)(3) operate as limitations on the right to removal." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013). Under § 1446(b)(1), if information within the four corners of the complaint establishes a basis for removal, the 30-day clock starts when a defendant receives the complaint. *Id.* Under § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[1] Citrix complied with these deadlines when it removed less than 30 days after receipt of a document in which Plaintiff asserted the amount in controversy exceeds the minimum for diversity jurisdiction.

---

[1] The Ninth Circuit recently held that sections "1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Accordingly, defendants need not wait to remove until a paper in the state court proceeding confirms removability; however, the *deadline* to remove is only triggered by the complaint or another paper filed in the state court case or disclosed in discovery that demonstrates removability.

DEFENDANT CITRIX SYTEMS, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND - 5
(Cause No. 2:16-CV-00650)
DWT 29776366v6 0097652-000010

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

## A. Plaintiff's Indeterminate State Court Complaint Did Not Trigger Citrix's Deadline to Remove

Plaintiff's state court complaint did not trigger a deadline for Citrix to remove the case because the complaint contained indeterminate allegations regarding damages and nowhere requested in excess of the minimum for diversity jurisdiction. Under 28 U.S.C. § 1446(b)(1), a defendant must remove within thirty days of receiving an initial complaint if, **on its face**, the complaint alleges all of the information necessary to establish federal subject matter jurisdiction. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face."); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694-95 (9th Cir. 2005) ("[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin.").

In *Harris,* the Ninth Circuit held that "notice of removability under [section] 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." 425 F.3d 689, 694 (9th Cir. 2005). In rejecting subjective knowledge as a trigger for removability, the Ninth Circuit followed the Fourth Circuit's reasoning:

> [W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.

*Id.* at 695 (quoting *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir.1997).

In addition to ignoring this controlling Ninth Circuit law, Plaintiff makes no mention of the recent amendment to the removal statute, which further supports Citrix's measured approach to removal. Under 28 U.S.C. § 1446(c), which was amended effective January 6, 2012 by the Federal Courts Jurisdiction and Venue Clarification Act of 2011("JVCA"), Pub.L.No. 112–63, § 103(b):

DEFENDANT CITRIX SYTEMS, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND - 6
(Cause No. 2:16-CV-00650)
DWT 29776366v6 0097652-000010

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), *the sum demanded in good faith* in the initial pleading shall be deemed to be the amount in controversy.

28 U.S.C. § 1446(c) (emphasis added).

The JVCA's legislative history indicates that Congress envisioned defendants in Citrix's position following exactly the procedure Citrix employed in this case:

Section 103(b) (3)(C) of the bill further amends subsection 1446(c) by inserting two new paragraphs, (2) and (3), to address issues relating to uncertainty of the amount in controversy when removal is sought, e.g., when state practice either does not require or permit the plaintiff to assert a sum claim or allow the plaintiff to recover more than an amount asserted.

…

*[M]any defendants faced with uncertainty regarding the amount in controversy remove immediately—rather than waiting until future developments provided needed clarification—out of a concern that waiting and removing later will result in the removal's being deemed untimely. In these cases, Federal judges often have difficulty ascertaining the true amount in controversy, particularly when removal is sought before discovery occurs. As a result, judicial resources may be wasted and the proceedings delayed when little or no objective information accompanies the notice to remove.*

…

*If a statement appears in response to discovery or information appears in the record of the state proceedings indicating that the amount in controversy exceeds the threshold amount, then proposed subparagraph 1446(c)(3)(A) deems it to be an 'other paper' within the meaning of paragraph 1446(b)(3), thereby triggering a 30-day period in which to remove the action.* The district court must still find by a preponderance of the evidence that the jurisdictional threshold has been met.

*Report to the Committee on the Judiciary of the United Representatives* § 103, at 15, H.R. 112–10 (2011) (emphases added).

Since enactment of the JVCA, the Ninth Circuit has reiterated that "defendants need not make extrapolations or engage in guesswork" to determine whether a case is removable. *Kuxhausen,* 707 F.3d at 1140. Defendants are expected to "apply a reasonable amount of intelligence in ascertaining removability," such as by "[m]ultiplying figures clearly

DEFENDANT CITRIX SYTEMS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND - 7
(Cause No. 2:16-CV-00650)
DWT 29776366v6 0097652-000010

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main  206.757.7700 fax

stated in a complaint." *Id.* But defendants are not required to consult their own business records or other materials outside the complaint. *Id.* The Ninth Circuit explained as follows:

> This principle helps avoid a 'Catch–22' for defendants desirous of a federal forum. By leaving the window for removal open, it forces plaintiffs to assume the costs associated with their own indeterminate pleadings. That is only fair after all, because … the burden is on the party removing the case from state court to show the exercise of federal jurisdiction is appropriate.

*Id.* at 1141 (quotations omitted). Courts routinely deny remand motions akin to Plaintiff's where the state court complaint contained vague and indeterminate allegations regarding the amount in controversy. *See, e.g., Bea v. Encompass Ins. Co.*, No. CV-13-00008-JLQ, 2013 WL 1747910, at *1 (N.D. Cal. Apr. 23, 2013) ("The court agrees that the Complaint was vague as to the nature and extent of damages."); *Trahan v. U.S. Bank Nat'l Ass'n*, No. C 09-03111 JSW, 2014 WL 116606, at *4 (N.D. Cal. Jan. 13, 2014) (where amount of damages is not expressly requested, a complaint or other paper is "indeterminate" as to the amount in controversy); *Washington v. Allstate Ins. Co.*, No. 2:10-CV-02130 MCE, 2010 WL 4137286, at *2 (E.D. Cal. Oct. 19, 2010) (complaint that does not allege an amount of damages is not removable on its face).

In *Allstate*, plaintiff served a complaint that did not contain an express prayer for damages but sought compensatory and punitive damages for breach of contract and intentional infliction of emotional distress. 2010 WL 4137286, at *1. The plaintiff subsequently stated in discovery that she was seeking $500,000 for emotional distress and $1 million in punitive damages, which led the defendant to remove. *Id.* In denying remand, the court held that pleading that fails to seek a specific sum of damages is inadequate to start the clock for removal:

> This level of pleading is inadequate to provide a defendant with notice that the amount in controversy is greater than that mandated by 28 U.S.C. § 1332. The court reiterated the rule in   To hold otherwise would require defendants to speculate as to the amount of damages sought and would encourage early removals. This Court refuses to rule in a manner that would contravene the policies supporting the bright line rule promulgated in *Harris*.

*Id.* at *2.

DEFENDANT CITRIX SYTEMS, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND - 8
(Cause No. 2:16-CV-00650)
DWT 29776366v6 0097652-000010

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

Just as in *Allstate*, Plaintiff's prayer for relief in the complaint is devoid of specific damages amounts. "[T]he plaintiff is 'master of [his] complaint' and can plead to avoid federal jurisdiction." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (citation omitted). With Plaintiff's complaint silent about damages, Citrix could not tell from the complaint whether (1) Plaintiff had made a tactical choice not to seek more than $75,000, so as to avoid removal; (2) Plaintiff believed that his claims were not likely to exceed $75,000; or (3) Plaintiff deliberately left his complaint silent as to the amount in controversy to avoid removal, but he was seeking more than $75,000. Citrix was not obligated to guess which approach Plaintiff was taking, and the complaint did not trigger Citrix's deadline to remove the case. *Kuxhausen*, 707 F.3d at 1140. Plaintiff could easily have prevented this situation by expressly pleading damages in excess of $75,000 in his complaint.

Plaintiff makes a number of unavailing arguments that his complaint implicated more than $75,000 in controversy. First, Plaintiff points to his allegations about Citrix purportedly interfering with third parties investing substantial sums of money in his business. Dkt. 19 pp. 2, 6. But the complaint does not attribute any *damages* figures to these allegations about purported investments in his company, nor could Citrix otherwise reasonably discern the amounts in controversy from the face of the complaint. *Kuxhausen*, 707 F.3d at 1140. Plaintiff seems to argue that these purported investments themselves are damages figures or—in Plaintiff's terms—"business expectancy." Dkt. 19 p. 6. But *investments* are not the measure of expectancy damages; indeed, there are no expectancy damages unless there is an expectation of *profit* or some other forward-looking benefit. *See In re Transact, Inc.*, No. SACV 13-1312-MWF, 2014 WL 3888230, at *12 (C.D. Cal. Aug. 6, 2014) (expectancy damages look forward to benefits or profits that would be reaped); *Apollo, Inc. v. Parsons Infrastructure & Tech. Grp., Inc.*, No. CV-03-5095-RHW, 2005 WL 1405029, at *8 (E.D. Wash. June 15, 2005) (to recover expectancy damages plaintiff "must show that the future opportunities and profits are a reasonable expectation and not based on merely wishful thinking"). The complaint is devoid of any allegations from which Citrix could ascertain how much profit or benefit Plaintiff expected

DEFENDANT CITRIX SYTEMS, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND - 9
(Cause No. 2:16-CV-00650)
DWT 29776366v6 0097652-000010

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    to reap from these purported investments. Indeed, it would be objectively reasonable to assume

2    that a startup company would realize *zero* profit given the high percentage of small businesses

3    that fail. *See* U.S. Small Business Administration,

4    https://www.sba.gov/sites/default/files/FAQ_March_2014_0.pdf (only "about half of all new

5    establishments survive five years or more").[2]  In short, Citrix had no means of ascertaining

6    from the complaint the amount Plaintiff intended to seek for loss of business expectancy, and it

7    would be objectively reasonable to value Plaintiff's expectancy at or close to zero.

8         Plaintiff also incorrectly argues that his claim under the Washington wage law

9    implicates an amount in controversy over $75,000 simply because double damages are

10   available in certain limited circumstances under the statute.  First, the Washington wage law

11   claim is frivolous because the disputed amounts arise from the Severance Agreement, which is

12   governed by Florida law. Dkt. 4, Ex. A; *see Packard v. Provident Nat. Bank,* 994 F.2d 1039,

13   1046 (9th Cir.1993) ("[W]hen a claim for punitive damages is patently frivolous and without

14   foundation because such damages are unavailable as a matter of law, that claim must be

15   stricken from the amount in controversy.").  Second, even under the Washington wage law

16   double damages are ***not*** available where there is a bona fide dispute over payment of wages,

17   which there is here.  *See Busey v. Richland Sch. Dist.*, No. 13-CV-5022-TOR, 2016 WL

18   1175100, at *11 (E.D. Wash. Mar. 23, 2016) (citing *Schilling v. Radio Holdings, Inc.*, 136

19   Wash.2d 152, 157–58, 961 P.2d 371 (1998)).  Third, the cash value of benefits does not

20   constitute "wages" subject to double damages.  *See Teamsters, Local 117 v. Nw. Beverages,*

21   *Inc.*, 95 Wash. App. 767, 769, 976 P.2d 1262, 1263 (1999).  Accordingly, as a matter of law

22   Plaintiff could not include the COBRA benefits Citrix offered in a claim for double damages.

23   Dkt. 1-1 ¶ 2.68; Dkt. 19 p. 4.  Without the cash value of those COBRA benefits, double

24   Plaintiff's severance is less than the $75,000 minimum amount in controversy.

25   _____

26   [2] The Court may take judicial notice of facts that are "capable of accurate and ready determination by resort to
     sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b).  Statistics from government
     agencies are appropriately subject to judicial notice. *See United States v. Esquivel*, 88 F.3d 722, 727 (9th Cir.

27   1996) (judicial notice of U.S. Census data was proper); *see also Floyd v. Astrue*, No. 08-CV-049433-RNB, 2008
     WL 4184662, at *2 (C.D. Cal. Sept. 5, 2008) (taking judicial notice of Bureau of Labor Statistics data).

Citrix could not be expected to speculate about the value of Plaintiff's indeterminate request for treble damages without any stated amount to be trebled. *See Ajimatamrareje v. Metro. Life Ins. Co.*, No. 99-CV-614-SI-ARB, 1999 WL 319216, at *5 (N.D. Cal. May 12, 1999) ("[I]t would be entirely speculative to assume that potential punitive damages would meet the $75,000 jurisdictional requirement here without specific facts in support of this contention."). Similarly, the indeterminate value of Plaintiff's request for injunctive relief could not trigger the minimum amount in controversy. *See Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1248 (D. Ariz. 1996) ("[I]t would be speculative to calculate the value accruing to Plaintiff and the class from the equitable relief sought. Thus, this Court is not persuaded that the equitable relief sought by Plaintiff would significantly contribute towards establishing diversity jurisdiction."); *Trahan v. U.S. Bank Nat'l Ass'n*, No. C 09-03111 JSW, 2014 WL 116606, at *4 (N.D. Cal. Jan. 13, 2014) (finding removal timely where plaintiff "did not expressly state that the amount in controversy" and did not state "the value of injunctive relief" requested).

In sum, Plaintiff's complaint is a claim for recovery of around $40,000 under the Severance Agreement dressed up as an intellectual property and business tort case. When Plaintiff filed the case in Washington state court despite having agreed in the Severance Agreement to litigate any disputes in Florida, Dkt. 4, Ex. A, it appeared that Plaintiff was trying to shop for a specific forum. In light of Plaintiff's decision to abrogate the forum-selection clause, Citrix was appropriately mindful that Plaintiff might be intentionally seeking less than $75,000 to avoid removal to federal court and the risk of transfer after removal. Instead of removing immediately at the risk of facing remand, Citrix followed the procedure dictated by the Ninth Circuit and waited for Plaintiff to confirm that he was seeking in excess of $75,000. When that became apparent, Citrix timely removed.

DEFENDANT CITRIX SYTEMS, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND - 11
(Cause No. 2:16-CV-00650)
DWT 29776366v6 0097652-000010

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

### B.      Plaintiff's Pre-Suit Settlement Demand Has No Bearing On Removability

Plaintiff's argument that a pre-suit settlement demand put Citrix on notice that the amount in controversy exceeds $75,000 has been squarely rejected by the Ninth Circuit.  In *Caravalho*, the court held that pre-suit communications cannot start the removal clock:

> In *Harris,* we held that the first thirty-day removal period comes into play only if removability is ascertainable from 'examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.'  We adopted this 'bright-line approach' to 'avoid[ ] the spectre of inevitable collateral litigation over ... whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry.'  We would eviscerate our holding in *Harris* if we required defendants to rely on pre-complaint documents to ascertain whether a case started by an indeterminate initial pleading is actually removable.

629 F.3d at 886 (citations omitted); *accord Svoboda v. Deutsche Bank Sec., Inc.*, No. 10-CV-01788, 2010 WL 3077101, *4 (N.D. Cal. Aug. 6, 2010) ("pre-suit settlement letter cannot qualify as an 'other paper' that starts the second thirty-day window running because the plain language of the statute limits 'other paper[s]' to those that are filed *after* the initial pleading.").  As one court aptly put it:

> It is axiomatic that a document received prior to service of an initial pleading cannot trigger the second thirty-day removal period, which is intended to apply to documents received after service of the initial pleading.  Thus, the term 'other paper' does not embrace 'any document received prior to receipt of the initial pleading,' including [a] settlement demand.  Irrespective of whether Plaintiffs' $340,000.00 demand was a reasonable estimate of their claims or not, it did not and could not trigger the second thirty-day period for removal because it was mailed to Defendants prior to the service of the initial pleading in this matter.

*Cleveland v. W. Ridge Acad.*, No. 1:14-CV-01825-SKO, 2015 WL 164592, at *4 (E.D. Cal. Jan. 13, 2015) (citations omitted).

The *Caravalho* court "also reject[ed the] suggestion that a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods."  629 F.3d at 886.  Plaintiff fails to cite, let alone address this controlling authority.  The pre-suit settlement demand has no impact on the timeliness of Citrix's removal.

DEFENDANT CITRIX SYTEMS, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND - 12
(Cause No. 2:16-CV-00650)
DWT 29776366v6 0097652-000010

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main  206.757.7700 fax

### C.   There Is Independent Federal Jurisdiction Over Citrix's Counterclaim

Citrix's counterclaim and third-party complaint against Xencare, Inc. ("Xencare")

support retaining the case in federal court.  First, the counterclaim contains federal claims under

the Lanham Act, which confer an additional basis for subject matter jurisdiction under 28

U.S.C. § 1331.  Second, Xencare was not a party to the state court proceeding and was only

added as a party after removal.  Accordingly, Plaintiff's argument regarding timeliness of

removal are not germane to the claims involving Xencare.  Third, while counterclaims do not

give rise to removal jurisdiction, when a defendant asserts federal counterclaims, a court may

exercise its discretion to retain jurisdiction over them.  *See, e.g.*, *USX Telecenters Corp. v. USX

Corp.*, No. C-86-2058-RPA, 1986 WL 83438, at *2 (N.D. Cal. Dec. 9, 1986) (granting remand

of state law trademark infringement claims but denying remand as to federal trademark

infringement claims that related to nationwide trademark rights).  Here, just as in *USX

Telecenters*, Citrix's counterclaim includes a federal trademark infringement claim related to

nationwide trademark rights.  The existence of Citrix's federal law counterclaim supports

denial of Plaintiff's motion to remand.

### D.   Plaintiff's Request For Sanctions is Baseless

The Court should deny Plaintiff's request for sanctions because Citrix has an

objectively reasonable basis for removal.  Section 1447(c) provides for awards of attorneys'

fees in connection with a successful remand motion "only where the removing party lacked an

objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S.

132, 141 (2005).  "[R]emoval is not objectively unreasonable solely because the removing

party's arguments lack merit, or else attorney's fees would always be awarded

whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th

Cir. 2008).  Instead, the objective reasonableness of a removal depends on the clarity of the

applicable law and whether established law "clearly foreclosed" the arguments in support of

removal.  *Id.* at 1066-67.  As discussed above, Citrix believes its removal was proper based on

an objectively reasonable view of the controlling law, which encourages defendants to wait to

DEFENDANT CITRIX SYTEMS, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND - 13
(Cause No. 2:16-CV-00650)
DWT 29776366v6 0097652-000010

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1  remove a state court case until the basis for diversity jurisdiction is evident from other papers

2  received in discovery or filed in the state court proceeding.  Citrix did exactly that.

3                                IV.    CONCLUSION

4          For the foregoing reasons, Citrix's removal of this case was timely and proper.  The

5  Court should deny Plaintiff's motion for remand.

6

7          DATED this 20th day of June, 2016.

8                                          Davis Wright Tremaine LLP
                                           Attorneys for Citrix Systems, Inc.
9

10

11                          By

12                                          Anthony S. Wisen, WSBA #39656
                                           1201 Third Avenue, Suite 2200
13                                          Seattle, WA 98101-3045
                                           Email: tonywisen@dwt.com

DEFENDANT CITRIX SYTEMS, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND - 14
(Cause No. 2:16-CV-00650)
DWT 29776366v6 0097652-000010

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**DECLARATION OF SERVICE**

I hereby declare that on June 20, 2016, a copy of this document was served on all parties

listed on the Court's Electronic Mail Notice List via the ECF electronic mail system:

**Mark P Walters** Walters@LoweGrahamJones.com,
 Litdocketing@LoweGrahamJones.com,
 Gero@LoweGrahamJones.com

Dated this 20th day of June, 2016.

Gail Kataoka

DEFENDANT CITRIX SYTEMS, INC.'S OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND - 15
(Cause No. 2:16-CV-00650)
DWT 29776366v6 0097652-000010

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax