THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ATM SHAFIQUL KHALID,

Plaintiff,

vs.

CITRIX SYSTEMS, INC.,

Defendant.

Civil Action No. 2:16-cv-00650-JCC

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR REMAND PURSUANT TO 28 U.S.C. § 1447(c)

**Noted for Consideration: June 24, 2016**

## I.  INTRODUCTION

Defendant, Citrix Systems, Inc. ("Citrix") fails to carry its heavy burden, *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), to show that removal jurisdiction is proper in this case where the original complaint stated facts establishing federal subject-matter jurisdiction on diversity of citizenship grounds, 28 U.S.C. § 1332, and where Citrix failed to remove the case within thirty days after service of the complaint. "Federal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) (emphasis added). Doubt surrounds Citrix's removal allegations. For example, Citrix claims it did not know until April 18, 2016 that the amount in controversy exceeded the statutory minimum to support diversity jurisdiction, Dkt.

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
TO MOTION FOR REMAND - 1
Civil Action No. 2:16-cv-00650-JCC
XENN-6-1001P05 RPLY MOT for Remand

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

No. 1 at ¶ 5, relying on a statement made by Plaintiff in a declaration that "Citrix is going to make this simple lawsuit into a billion dollar lawsuit very soon." *Id.* In truth, Plaintiff's original complaint alleged that his startup business "died . . . as a result" of Citrix's interference and that this business was worth $1.5 Million. Dkt. No. 1-1 at ¶¶ 2.24 and 2.31. Plaintiff's complaint alleged further that Citrix's interference thwarted a $1 Million investment. *Id.* at ¶¶ 2.82-2.85.

To be sure, Citrix disputes the **merits** of Plaintiff's claims for damages to his startup businesses, Dkt. No. 22 at 9-10 (asserting that "it would be objectively reasonable to assume that a startup company would realize zero profit"), but Citrix cannot deny the fact that Plaintiff's original complaint contained facts establishing an amount in controversy exceeding the statutory minimum to support diversity jurisdiction ($75,000).

For these reasons and others stated more fully below, Citrix had no objectively reasonable basis to remove the case when it did on May 5, 2016. Indeed, the evidence strongly supports a finding that Citrix made a decision not to remove the case and to instead pursue a motion to dismiss for improper venue. Only after that motion failed did Citrix seek to remove this case. Dkt. No. 20-1.

## II.   REPLY

### A.   Plaintiff's Complaint is not "Indeterminate" in Alleging more than $75,000 in Controversy

Citrix asserts that "the complaint contained indeterminate allegations regarding damages and nowhere requested in excess of the minimum for diversity jurisdiction [$75,000]." Dkt. No. 22 at 6. Citrix is wrong. While it is true "that some pleadings are 'indeterminate' in the sense that the face of the complaint does not make clear whether the required jurisdictional elements are present," *see Kuxhausen v. BMW Fin. Servs. NA LLC* , 707 F.3d 1136, 1139 (9th Cir. 2013) (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005)), a defendant is nevertheless required to "'apply a reasonable amount of intelligence in ascertaining

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
TO MOTION FOR REMAND - 2
Civil Action No. 2:16-cv-00650-JCC
XENN-6-1001P05 RPLY MOT for Remand

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

removability.'" *Id.* (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).

In *Kuxhausen*, the Ninth Circuit explained that a complaint is not "indeterminate" simply because a defendant must perform a calculation to arrive at the minimum amount in controversy. 707 F.3d at 1140 (reasoning that "[m]ultiplying figures clearly stated in a complaint is an aspect of [a defendant's] duty [apply a reasonable amount of intelligence in ascertaining removability]") (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 884 (9th Cir. 2010) (noting that the "amount in controversy was at least $12.5 million (*i.e.*, $25,000 times 500 potential plaintiffs)")).

In this case, the complaint is not indeterminate regarding the amount in controversy, at least not in terms of it ***exceeding*** $75,000. Citrix asserts that it "had no means of ascertaining from the complaint that amount Plaintiff intended to seek for loss of business expectancy . . . ." Dkt. No. 22 at 10. Citrix is correct only in the sense that Plaintiff's complaint does not specify an exact amount of damages, but instead seeks "an amount to be proven at trial." By itself, this fact cannot defeat Plaintiff's motion for remand. *See*, *e.g.*, *Carvalho*, 629 F.3d at 884 (noting that complaint failed to pray for a specific amount of damages); *Kuxhausen*, 707 F.3d at 1140 (same).

Citrix wrongly asserts that it could not ascertain through "a reasonable amount of intelligence," *Whitaker*, 261 F.3d at 206, that Plaintiff's complaint was seeking damages in excess of $75,000. For example, the complaint clearly prays for "[d]amages to startup company in an amount to be proven at trial," and Citrix could reasonably ascertain that those damages ***exceed*** $75,000 because Plaintiff alleged that his startup Company was worth $1.5 Million. *See* Dkt. No. 1-1 at ¶¶ 4.4, 2.24. Plaintiff also alleged that Citrix thwarted a $1 Million investment by wrongfully claiming an ownership interest in Plaintiff's patents. *Id.* at ¶¶ 2.82-2.85. Plaintiff's complaint further alleged "[d]amages for loss of patents and damages for loss of profit in business in an amount to be proven at trial."

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
TO MOTION FOR REMAND - 3
Civil Action No. 2:16-cv-00650-JCC
XENN-6-1001P05 RPLY MOT for Remand

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1         Citrix's arguments on the merits of Plaintiff's claims, i.e., "investments are not the

2  measure of expectancy damages," Dkt. No. 22 at 9, and "it would be objectively reasonable to

3  assume that a startup company would realize zero profit given the high percentage of small

4  businesses that fail," *Id.* at 10, miss the point completely. The Court's focus at this stage of the

5  case is within the "four corners of the complaint," *Carvalho*, 629 F.3d at 886, and whether Citrix

6  could ascertain through "a reasonable amount of intelligence," *Whitaker*, 261 F.3d at 206, that

7  Plaintiff was seeking a sum of damages in excess of the statutory minimum. "If removal of a

8  civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum

9  demanded in good faith in the initial pleading shall be deemed to be the amount in controversy . .

10  . ." 28 U.S.C. § 1446(c)(2). Thus, it makes no difference whether Citrix believes Plaintiff's lost

11  business expectancy was zero. The critical inquiry remains whether the Complaint seeks

12  recovery for a lost business expectancy worth more than $75,000; it clearly does.

13         Citrix is also wrong when it argues that Plaintiff's claim under Washington's wage law

14  seeks less than the statutory minimum to support diversity jurisdiction under § 1332(a). Dkt. No.

15  22 at 10. Again, the allegations in Plaintiff's complaint control, and Plaintiff clearly sought

16  recovery of "[d]amages for back pay, front pay, [and] lost benefits, in an amount to be proven at

17  trial," Dkt. No. 1-1 at ¶ 4.1, and he further prayed for "[d]ouble [d]amage under RCW 49.52.070

18  for violation of RCW 49.48.010," *Id.* at ¶ 4.7. The specific amount of Plaintiff's wage claim was

19  also pleaded. *Id.* at ¶¶ 2.68-2.69 (pleading $39,149 in aggregate). And because Plaintiff

20  specifically requested twice that amount under RCW 49.52.070, the amount in controversy is

21  above the statutory minimum to support diversity jurisdiction under § 1332(a) (i.e., $39,149*2 =

22  $78,298).

23         Plaintiff's claim under Washington's wage law is clearly not "frivolous" as Citrix asserts.

24  Dkt. No. 22 at 10. Judge Theresa B. Doyle, King County Superior Court, relied in-part on

25  Plaintiff's wage claim under Washington law to deny Citrix's motion to dismiss for improper

26  venue. Dkt. No. 20-1 at 2 (referring to RCW 49.46 and 49.48 and reasoning that "[i]f true, these

27

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
TO MOTION FOR REMAND - 4
Civil Action No. 2:16-cv-00650-JCC
XENN-6-1001P05 RPLY MOT for Remand

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1    allegations could constitute failure to pay wages under these statutes" and explaining that

2    "[w]ages are defined as 'compensation due to an employee by reason of employment.'").

3          Citrix argues that "the cash value of benefits dos not constitute 'wages' subject to double

4    damages." Dkt. No. 22 at 10. Even if Citrix is correct, this only reduces the amount in

5    controversy under Plaintiff's wage claim by $2,800. Dkt. No. 1-1 at ¶ 2.68. Double damages

6    under Washington's wage law for Plaintiff's lost severance ($30,757*2 = $61,514, *Id.* at ¶ 2.68)

7    and Plaintiff's unpaid earned vacation time ($5,592*2 = $11,184, *Id.* at ¶ 2.69), plus the value of

8    Plaintiff's unpaid benefits ($2,800, *Id.* at ¶ 2.68) is $75,498, just over the statutory minimum.

9    Accordingly, either Citrix's math is wrong when it asserts that Plaintiff's claim under

10   Washington's wage law is less than the statutory minimum, or Citrix forgets to include the cash

11   value (*without* multiplying by two) of Plaintiff's unpaid benefits ($2,800, *Id.* at ¶ 2.68). Either

12   way, and even accepting as true Defendant's argument that benefits cannot be doubled under

13   Washington's wage law, Plaintiff's wage claim as pleaded in the original complaint exceeds the

14   statutory minimum.

15       **B.    Plaintiff's Pre-Suit Settlement Correspondence Is Relevant to Whether**

16             **Citrix's Removal was "Objectively Unreasonable"**

17         Citrix urges the Court to ignore Plaintiff's pre-suit demand for $2,000,000 because it was

18   sent prior to initiation of the lawsuit. Dkt. No. 22 at 3 (citing *Carvalho v. Equifax Info. Servs.,*

19   *LLC*, 629 F.3d 876, 886 (9th Cir. 2010)). Citrix correctly points out that the Ninth Circuit's

20   decision in *Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) (holding that a

21   demand letter requesting in good-faith more than the statutory minimum sufficiently informs a

22   defendant upon receipt of such letter that a case is removable) is limited to situations where the

23   original complaint was not removable on its face, where a Plaintiff made a demand for an

24   amount of money exceeding the statutory minimum after the complaint was filed and served.

25   Dkt. No. 22 at 12 (citing *Carvalho*, 629 F.3d at 886).

26         In this case, the original complaint was removable on its face. The import of Plaintiff's

27   pre-suit settlement demand of $2,000,000 is to show that Citrix understood that the amount in

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
TO MOTION FOR REMAND - 5
Civil Action No. 2:16-cv-00650-JCC
XENN-6-1001P05 RPLY MOT for Remand

LOWE GRAHAM JONES ᴘʟʟᴄ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

controversy exceeded the statutory minimum even before receiving Plaintiff's complaint. This is relevant because it supports Plaintiff's argument that Citrix's real reasons for removal relate to forum shopping, not (as Citrix claims) a new demand by Plaintiff for more than the statutory minimum by way of his April 18, 2016 declaration. Dkt. No. 1 at ¶¶ 5-6. The entire record, including Plaintiff's pre-suit settlement demand of more than $2,000,000, show that Plaintiff's original complaint was removable on its face and Citrix only filed its notice of removal when it lost a motion to dismiss for improper venue in King County Superior Court. Dkt. No. 20-1.

### C.   Citrix's Counterclaims and Third-Party Claims are Irrelevant

Citrix argues that its counterclaims and third party claims "support retaining the case in federal court." Dkt. No. 22 at 13. This position is meritless because a defendant cannot make a case "removable" by asserting counterclaims or third party claims in a responsive pleading. *See*, *e.g.*, *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011) (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002)). In *Calabro*, the Second Circuit affirmed the district court's order granting fees under 28 U.S.C. § 1447(c), reasoning that "[defendant's] purported basis for removal -- i.e., that the presence of federal claims in its third-party complaint rendered the entire action removable under 28 U.S.C. § 1441(c) -- *was objectively unreasonable*." *Id.* (emphasis added).

In this case, like *Calabro*, Citrix's arguments for removal are objectively unreasonable.

### III.   CONCLUSION

For all the foregoing reasons, the Court should grant Plaintiff's motion to remand and award fees to Plaintiff under 28 U.S.C. § 1441(c).

//

//

//

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
TO MOTION FOR REMAND - 6
Civil Action No. 2:16-cv-00650-JCC
XENN-6-1001P05 RPLY MOT for Remand

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1    DATED this 24th day of June, 2016.

2

3                                              LOWE GRAHAM JONES<sup>PLLC</sup>

4                                              s/Mark P. Walters
                                               Attorney, WSBA No. 30,819
5                                              Walters@LoweGrahamJones.com
                                               701 Fifth Avenue, Suite 4800
6                                              Seattle, Washington 98104
                                               T: 206.381.3300
7                                              F: 206.381.3301

8                                              *Attorneys for ATM Shafiqul Khalid*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
TO MOTION FOR REMAND - 7
Civil Action No. 2:16-cv-00650-JCC
XENN-6-1001P05 RPLY MOT for Remand

1

## <u>CERTIFICATE OF SERVICE</u>

2

3    I certify that on June 24, 2016 I electronically filed the foregoing
     with the Clerk of the Court using the CM/ECF system and served
4    the following attorney of record:

5

6    Anthony S. Wisen
     Davis Wright Tremaine LLP
7    1201 Third Avenue, Suite 2200
     Seattle, WA 98101-3045
8    tonywisen@dwt.com

9    *Attorneys for Citrix Systems, Inc.*

10

11    LOWE GRAHAM JONES PLLC

12    s/Laurie Gero
      _____
13    Laurie Gero, Paralegal

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE
TO MOTION FOR REMAND - 8
Civil Action No. 2:16-cv-00650-JCC
XENN-6-1001P05 RPLY MOT for Remand

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301