THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATM SHAFIQUL KHALID,<br><br>Plaintiff,<br><br>v.<br><br>CITRIX SYSTEMS INC,<br><br>Defendant. | CASE NO. C16-0650 JCC<br><br>ORDER REMANDING CASE |

This matter comes before the Court on Plaintiff's motion for remand pursuant to 28 U.S.C. § 1447(c) (Dkt. No. 19). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.   BACKGROUND

Plaintiff alleges that he worked for Defendant from September 2006 until October 2011. (Dkt. No. 1-1 at 4.) He alleges that during this time, he developed or co-developed multiple inventions, formed two start-up companies based on these inventions, and filed for several related patents. (*Id.* at 7–8, 11–12.) Plaintiff alleges that he disclosed his start-ups to Defendant, and that Defendant's interference caused them to fail. (*Id.* at 9, 10–11, 23.) Plaintiff alleges that Defendant terminated his employment in October 2011. (*Id.* at 20.)

Plaintiff filed suit in King County Superior Court on October 2, 2015, asserting multiple

causes of action, including "wrongful termination" and "tortious interference with contract or business expectancy." (Dkt. No. 1 at 1, 27.) He sought damages for, among other things, "back pay, front pay, [and] lost benefits," "loss of patents and… loss of profit in business," and "damages to startup company." (Dkt. No. 1-1 at 28–29.)

Defendant was properly served on February 4, 2016. (Dkt. No. 1 at 2.) On March 17, 2016, Defendant filed a motion to dismiss for improper venue. (Dkt. No. 4 at 143.) The state court denied that motion on April 25, 2016. (Dkt. No. 20-1.) Defendant then filed a notice of removal on May 5, 2016 based on diversity of citizenship jurisdiction. (Dkt. No. 1 at 4.)

## II.  DISCUSSION

### A.  Standard of Review

A party to a civil action brought in state court may remove that action to federal court if the district court would have had original jurisdiction at the time of both commencement of the action and at removal. *See* 28 U.S.C. § 1441(a); 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3723 (4th ed. 2013). Once removed, a case can be remanded to state court for either lack of subject matter jurisdiction or for defects in the removal procedure. 28 U.S.C. § 1447(c).

Where federal jurisdiction is conferred by diversity, the removing party bears the burden of proving complete diversity of citizenship and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). There is a "strong presumption" against removal and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).

"Section 1446(b)(1) and (b)(3) specify that a defendant must remove a case within thirty days of receiving from the plaintiff either an initial pleading or some other document, if that pleading or document shows the case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P*., 720 F.3d 1121, 1123 (9th Cir. 2013). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective

knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). If a defendant files notice of removal more than thirty days after receiving a pleading or document demonstrating removability, it is untimely and the case may be remanded. *See, e.g.*, *Shukov v. Isostent, LLC*, No. C 03-0279 MMC, 2003 WL 1888863, at *1 (N.D. Cal. Apr. 14, 2003) (remanding case where removal was outside the thirty-day window and therefore untimely).

### B.     Evidence of Removability

The primary issue in this dispute is whether Defendant could have reasonably ascertained that the amount in controversy in Plaintiff's complaint was over $75,000. "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001). In cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, "by a preponderance of the evidence," that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The parties agree that in ascertaining removability, a defendant is required to apply "a reasonable amount of intelligence," which can include "multiplying figures clearly stated in a complaint." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013).

The parties also agree that Plaintiff's complaint does not state a specific amount of damages. Nonetheless, Plaintiff argues that the complaint itself objectively demonstrates that he is seeking a pecuniary result of more than $75,000. Therefore, Plaintiff argues, this case should be remanded because Defendant filed notice of removal more than thirty days after receiving the complaint. But Defendant argues that neither the complaint nor any other document demonstrated removability until Plaintiff filed a declaration in which he stated:

> I[t] appears to me *that Citrix is going to make this simple lawsuit into a billion dollar lawsuit* very soon. Recently, one investors walked away saying that the situation created too much risk for them. My patent portfolio had been damaged

significantly that could have been over a billion dollar property along with much larger business.

(Dkt. No. 2 at 10) (emphasis added).

According to Defendant, "[t]his [declaration] was the first paper filed in state court from which Citrix could reasonably ascertain that the case was removable based on diversity jurisdiction." (Dkt. No. 22 at 4.) Defendant is thus arguing that it could not "reasonably ascertain" from the face of Plaintiff's complaint that he was seeking over $75,000 in damages. That is simply not the case. In fact, there are two separate reasons why Plaintiff's complaint objectively demonstrates that the amount in controversy exceeds the jurisdictional threshold.

### a. Damages to Plaintiff's Business Interests

In his complaint, Plaintiff asserts, among other things, a cause of action for interference with his two startup businesses. He seeks damages to his businesses generally, as well as for loss of patents and loss of profits. (Dkt. No. 1-1 at 27–29.) Plaintiff alleges that Xencare, one of his businesses, was valued at $1,500,000, and that it "died…as a result of Citrix interference." (Dkt. No. 1-1 at 9, 10–11.) Plaintiff also alleges that a group of investors wanted to invest $500,000 in connection with his start-up patents, and that a CEO from a Texas software company wanted to invest over $1 million in Xencare. (*Id.* at 23.) He alleges that "[w]hen Citrix made unfair ownership claim to Xencare patents, those investors were nervous and eventually walked away." (*Id.*)

The Court finds that in light of these alleged losses, anyone applying reasonable intelligence to the complaint would have been able to tell that Plaintiff is seeking damages in excess of $75,000. It beggars belief that Defendant did not realize that this case was removable upon reading Plaintiff's allegations of million-dollar investments and valuations, but then suddenly did after reading his declaration stating "Citrix is going to make this simple lawsuit into a billion dollar lawsuit very soon." Plaintiff's statement about a "billion dollar lawsuit" is connected to the very same allegations that he made in his complaint: that Defendant's actions caused investors to walk away, damaging a business and patent portfolio that could have been

extremely valuable. Thus, as the Court reiterates below, if Plaintiff's declaration made this case removable, then his complaint certainly did as well.

Defendant argues, however, that Plaintiff's expectation damages should be the measure of the amount in controversy in his complaint, and that he must show that his alleged "future opportunities and profits are a reasonable expectation and not based on merely wishful thinking." (Dkt. No. 22 at 9) (quoting *Apollo, Inc. v. Parsons Infrastructure & Tech. Grp., Inc.*, No. CV-03-5095-RHW, 2005 WL 1405029, at *8 (E.D. Wash. June 15, 2005)). Therefore, according to Defendant, because Plaintiff did not allege how much profit he expected to make from his companies, "it would be objectively reasonable to value Plaintiff's expectancy at or close to zero." (Dkt. No. 22 at 10.)

The first problem with this argument is that Defendant, who bears the burden of proof on removal, cites cases concerning the calculation of damages at the close of a case; not the amount in controversy at its start. (*Id.* at 9.) The second problem is that Defendant's reasoning is flawed, because Plaintiff's declaration that Defendant is "going to make this… into a billion dollar lawsuit" is no clearer—and arguably less so—about his alleged opportunities and profit expectations than his complaint was. Therefore, following Defendant's reasoning *arguendo*, Plaintiff's expectation damages for the losses to his business interests would still be valued "at or close to zero" even in light of his "billion dollar" declaration. Thus, they would be insufficient for removal. That said, if Defendant is correct and Plaintiff's declaration was in fact sufficient for Defendant to "reasonably ascertain" that the amount in controversy was over $75,000—and to ultimately prove this point by a preponderance of the evidence—then Defendant should have already ascertained this fact from Plaintiff's complaint.

### b. Plaintiff's Unpaid Wages and Benefits

There is a second, more concrete reason why Plaintiff's complaint demonstrates removability on its face. Not only does the complaint seek relief for damages to Plaintiff's startup companies and patent portfolio, it also seeks "back pay, front pay, [and] lost benefits," as

1  well as "[d]ouble [d]amage under RCW 49.52.070 for violation of RCW 49.48.010." (Dkt. No.
2  1-1 at 28–29.) Washington employers who do not pay employees the wages they are owed may
3  be liable for "twice the amount of the wages unlawfully rebated or withheld." RCW 49.52.070.
4  In the body of his complaint, Plaintiff pleaded the specific amount of the wages he alleges were
5  wrongfully withheld. (Dkt. No. 1-1 at 20.) As the Court explains below, when properly
6  aggregated and doubled, these allegedly withheld wages yield an amount over $75,000.

7  Defendant argues, however, that Plaintiff's Washington wage law claim is "frivolous"
8  because Plaintiff's severance agreement with Defendant "is governed by Florida law." (Dkt. No.
9  22 at 10.) But in denying Defendant's motion to dismiss for improper venue, Judge Doyle held
10 that "if true, [Plaintiff's] allegations could constitute failure to pay wages under [Washington
11 law]." (Dkt. No. 20-1 at 2.) Despite being well aware of this ruling, Defendant fails to offer any
12 substantive reason why Judge Doyle is wrong and Plaintiff's claim is frivolous.

13 Defendant next argues that "double damages are not available where there is a bona fide
14 dispute over payment of wages, which there is here." (Dkt. No. 22 at 10.) But a "bona fide
15 dispute" only exists when it is "fairly debatable" whether an "employment relationship exists, or
16 whether all or a portion of the wages must be paid." *Schilling v. Radio Holdings, Inc.*, 136 Wash.
17 2d 152, 161 (1998). Defendant provides no evidence that the parties' dispute is fairly debatable.

18 Finally, Defendant argues that because the "cash value of benefits does not constitute
19 'wages' subject to double damages," Plaintiff's wage claim does not exceed $75,000. (Dkt. No.
20 22 at 10) (citing *Teamsters, Local 117 v. Nw. Beverages, Inc.*, 95 Wash. App. 767, 769 (1999)).
21 But Defendant's math appears to be off. In his complaint, Plaintiff alleges that as a result of the
22 circumstances of his termination, he lost severance pay of $30,757 and unpaid vacation time of
23 $5,592. (Dkt. No. 1-1 at 20.) He also alleges that he lost benefits of $2,800. (*Id.*) If Plaintiff's
24 severance and vacation time are doubled, added together, and then added to his lost benefits
25 (which are not doubled), the total equals $75,498.

26 Therefore, even discounting the loss of Plaintiff's alleged million-dollar companies and

ORDER REMANDING CASE
PAGE - 6

investments, Plaintiff's complaint still facially demonstrates that the amount in controversy exceeds the jurisdictional threshold.

### C. Defendant's Federal Counterclaim

Defendant points out that it has asserted a counterclaim under the Lanham Act, (Dkt. No. 9 at 24), and argues that the Court may exercise jurisdiction over this federal claim while remanding all of Plaintiff's claims. *See* USX Telecenters Corp. v. USX Corp., No. C-86-2058-RPA, 1986 WL 83438, at *2 (N.D. Cal. Dec. 9, 1986) (remanding the plaintiff's claims but exercising discretionary jurisdiction over the defendant's federal counterclaim). Even if that is correct, the Court declines to exercise jurisdiction over Defendant's counterclaim.

### D. Attorney Fees

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Only if the removing party "lacked an objectively reasonable basis for seeking removal" is such an award appropriate. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 138 (2005).

Defendant's decision to remove more than thirty days after receiving the complaint was objectively unreasonable. In his complaint, Plaintiff not only generally alleges million-dollar losses caused by Defendant, he also specifically alleges lost wages and benefits, which, when properly doubled, exceed the jurisdictional threshold. Therefore, the complaint objectively demonstrates on its face that Defendant needed to remove, if at all, within thirty days of its receipt. Defendant's argument that it could not reasonably ascertain that this case was removable until Plaintiff made his billion-dollar declaration is both inaccurate and, seemingly, rather opportunistic.

The Court therefore ORDERS Plaintiff to submit an accounting of the "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." This accounting must be submitted on or before July 29, 2016. If Defendant wishes to respond to this accounting, it must do so on or before August 3, 2016.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (Dkt. No. 29) is GRANTED. This matter is hereby REMANDED to King County Superior Court. The Clerk is DIRECTED to send a certified copy of this Order to the Clerk of King County Superior Court.

DATED this 21st day of July 2016.

*(signature)*

John C. Coughenour
UNITED STATES DISTRICT JUDGE